# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5249 | **DATE** | 9/11/2003 |
| **CASE TITLE** | McNeal vs. Sheahan, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due ___ ___.
(3) ☐ Answer brief to motion due___ ___. Reply to answer brief due___ ___.
(4) ☐ Ruling/Hearing on ___ set for ___ at ___.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ___ set for ___ at ___.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ___ set for ___ at ___.
(7) ☐ Trial[set for/re-set for] on ___ at ___.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ___ at ___.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order denying defendant Sheahan's motion to dismiss. Plaintiff's motion for extension of time and other relief is granted. Accordingly, discovery is extended to 2/28/04. Any dispositive motion shall be filed by 3/15/04. Final pretrial order will be due by 4/1/04; and response to any motions in limine by 4/15/04. Pretrial conference set for 11/14/03 is reset for 4/30/04 at 3:00 p.m. and trial set for 1/6/04 is reset for 5/10/04 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | SEP 12 2003 date docketed | 35 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 9/11/2003 date mailed notice | |
| MPJ | courtroom deputy's initials | 03 SEP 11 PM 6:03 Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RAYMOND A. McNEAL,                              )
                                                )
                Plaintiff,                      )
                                                )
        v.                                      )
                                                ) No.  02 C 5249
COOK COUNTY SHERIFF'S DEPARTMENT,               )
MICHAEL J. SHEAHAN, ERNESTO VELASCO,            )
J. BENN, PATRICIA ALLEN, MARTHA                 )
SALAZAR, MIGUEL VENTURA, SHAWN                  )
MURPHY, TERRANCE HUNTER, DALE FRANK,            )
CHARLES MAROSE, ROBERT MOUSSEL, and             )
D.L. COGH,                                      )
                                                )
                Defendants.                     )

DOCKETED
SEP 12 2003

## MEMORANDUM OPINION AND ORDER

Raymond A. McNeal filed a complaint under 42 U.S.C. § 1983 against the Cook County Sheriff's Department, Cook County Sheriff Michael J. Sheahan, and several employees of the Cook County Jail alleging that he was severely beaten while a pre-trial detainee at Cook County Jail.[1] All individual defendants are being sued in their individual and official capacities. Sheriff Sheahan now brings a motion to dismiss for failure to state a claim on which relief can be granted and for failure to exhaust administrative remedies. I deny the motion.

I. Exhaustion of Remedies

I look first at the issue of exhaustion of administrative

---

[1] Mr. McNeal also brings supplemental state law claims against some of the defendants for assault and battery and intentional infliction of emotional distress.

remedies. Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Failure to exhaust administrative remedies is an affirmative defense, however, *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002), and a plaintiff is not required to negate an affirmative defense in his complaint. *Tregenza v. Great Am. Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993). A plaintiff may, though, plead himself out of court if he pleads facts showing that his case is without merit because of an affirmative defense. *Id.*

Sheriff Sheahan points to Mr. McNeal's original *pro se* complaint, which indicated that Mr. McNeal filed an internal grievance with the department of corrections that is still pending. (Compl. at 3-4.) Sheriff Sheahan's reference to the original complaint is inappropriate, however. After being appointed counsel, Mr. McNeal filed two amended complaints. It is well-established that an amended complaint supercedes an original complaint, and facts or admissions from the original complaint not

incorporated into the amended complaint cannot be considered on a motion to dismiss. *Kelley v. Crosfield Catalysts*, 135 F.3d 1202, 1204-05 (7th Cir. 1998). Thus, I look only to Mr. McNeal's second amended complaint to determine whether he has pleaded facts showing that he failed to exhaust administrative remedies.

The extent of Mr. McNeal's allegations in his second amended complaint regarding administrative remedies is this: "Plaintiff has exhausted all administrative remedies. Plaintiff filed an administrative grievance with an agent of the Cook County Department of Corrections on or about August 23, 2001. No further action was taken on the grievance through no fault of Plaintiff's [sic]." (2d Am. Compl. ¶ 43.)[2] The PLRA requires prisoners to exhaust all "available" remedies. The Seventh Circuit has held that prison officials' failure to respond to grievances can render administrative remedies unavailable. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002) (joining Fifth and Eighth Circuits). "[W]e refuse to interpret the PLRA so narrowly as to permit prison officials to exploit the exhaustion requirement through indefinite delay in responding to grievances." *Id.* (internal quotation omitted). Here, Mr. McNeal's complaint alleges that he filed a grievance around August 23, 2001 and that no action was taken on

---

[2] These are essentially the same allegations as appear in Mr. McNeal's original complaint. (Compl. at 3-4) ("Grievance has been stalled in Internal Investigation[.] No action has been taken.") Thus, my decision would not be different even if I were to consider allegations in Mr. McNeal's original complaint.

3

it. These allegations are not inconsistent with exhaustion of *available* administrative remedies as described in *Lewis*.[3] Dismissal on that ground at this point is therefore inappropriate.

II. Individual Capacity Claim

Sheriff Sheahan argues that Mr. McNeal fails to state a claim against him in his individual capacity. In order to recover damages under section 1983 against Sheriff Sheahan individually, Mr. McNeal must ultimately establish that Sheriff Sheahan "was personally responsible for the deprivation of a constitutional right." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Here, Mr. McNeal does not allege that Sheriff Sheahan took part in the alleged beating. An official satisfies the personal responsibility requirement, however, "if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent." *Id.* That is, the official "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id.* Here, Mr. McNeal pleads just that, when he alleges that "[t]he Defendants not directly involved in the attack [such as Sheriff Sheahan] still knew of the misconduct and

---

[3] Mr. McNeal waited eleven months after filing his grievance before filing suit in this court. This is a sufficient period of time to allow prison officials to respond to his grievance. *See Smith v. Boyle*, No. 02 C 2788, 2003 WL 174189, at *3 (N.D. Ill. Jan. 27, 2003) (Andersen, J.) (waiting seven months for a response before filing suit sufficient); *Allen v. Tobia*, No. 02 C 6497, 2003 WL 260708, at *4 (N.D. Ill. Jan. 29, 2003) (waiting one month not sufficient).

4

facilitated it, approved it, condoned it or turned a blind eye to such type of conduct." (2d Am. Compl. ¶ 40.) This is sufficient to state a claim under the liberal federal notice pleading regime. A complaint need contain only enough to allow the court and the defendants to understand the gravamen of the complaint. *McCormick v. City of Chicago*, 230 F.3d 319, 323-24 (7th Cir. 2000). A plaintiff need not plead facts; he can plead conclusions. *Id.* at 324. Boilerplate allegations containing a smattering of the right phrases are enough. *Id.* at 324-25. Further, knowledge and other conditions of the mind may be averred generally. Fed. R. Civ. P. 9(b). Mr. McNeal's conclusory allegation that Sheriff Sheahan knew about the beating and facilitated, approved, condoned, or turned a blind eye to it is sufficient to state a claim against Sheriff Sheahan in his individual capacity.

### III. Official Capacity Claim

Sheriff Sheahan argues that Mr. McNeal fails to state a claim against him in his official capacity. An official capacity suit is treated as a suit against the entity for which the official capacity defendant is an agent. *Scott v. O'Grady*, 975 F.2d 366, 369 (7th Cir. 1992) (citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)). Sheriff Sheahan is a county official and Mr. McNeal's official capacity claim against him is thus a claim against Cook County. *See Richman v. Sheahan*, 270 F.3d 430, 439 (7th Cir. 2001). A government entity cannot be held liable under section 1983 unless

5

the entity adopted a "policy or custom" that resulted in deprivation of the plaintiff's constitutional rights. *Bennett v. Roberts*, 295 F.3d 687, 699 (7th Cir. 2002) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). The "policy or custom" requirement can be satisfied in one of three ways: an express policy causing the loss, a widespread practice constituting custom or usage that caused the loss, or causation of the loss by a person with final policymaking authority. *Id.* Here, Mr. McNeal alleges that "[t]he attack resulted from either an express municipal policy, widespread custom, or a deliberate act of a decision-maker with final policy-making authority." (2d Am. Compl. ¶ 40.) Under the liberal federal notice pleading regime outlined in *McCormick*, these allegations are sufficient to state a cause of action under section 1983 against Sheriff Sheahan in his official capacity.

Some pre-*McCormick* decisions of the Seventh Circuit state that conclusory allegations of a policy or custom devoid of any well-pleaded facts are insufficient to state an official capacity claim. *See, e.g., McTigue v. City of Chicago*, 60 F.3d 381, 382-83 (7th Cir. 1995); *Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 735-36 (7th Cir. 1994). Such language in these cases has been rescinded, however. *See Jackson v. Marion County*, 66 F.3d 151, 153-54 (7th Cir. 1995) ("If some of our opinions say (and some do) that a suit must be dismissed for failure to allege facts, usually on careful scrutiny it is apparent that the real grounds for the dismissal are

different.") (citing *Baxter*). *McCormick* confirms this. 230 F.3d at 324-26 (reaffirming *Jackson* and reversing dismissal of a complaint containing conclusory allegation that a city encouraged and condoned acts and omissions of its "highest level policy-making officers" that resulted in a "widespread custom" of allowing white officers to discriminate against African-American officers). Mr. McNeal's allegations of a beating and his conclusory allegations that the beating resulted from a county policy or custom is sufficient to allow Sheriff Sheahan and the county to understand the gravamen of Mr. McNeal's official capacity claim.

## IV. Conclusion

Because Mr. McNeal's second amended complaint states a claim against Sheriff Sheahan in both his individual and official capacities and does not show that Mr. McNeal has failed to exhaust available administrative remedies, Sheriff Sheahan's motion to dismiss is DENIED.

ENTER ORDER:

**Elaine E. Bucklo**
United States District Judge

Dated: September _11_, 2003